**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, | No. 17-36042 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-00218-REB |
| v. | |
| UNITED STATES FOREST SERVICE, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| HERB WHITWORTH; et al., | |
| Intervenor-Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Ronald E. Bush, Magistrate Judge, Presiding

Argued and Submitted February 8, 2019
Seattle, Washington

Before: IKUTA and CHRISTEN, Circuit Judges, and FREUDENTHAL,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Nancy D. Freudenthal, United States District Judge for the District of Wyoming, sitting by designation.

Western Watersheds Project (WWP) appeals the district court's order granting summary judgment to the United States Forest Service (Forest Service) on the ground that WWP failed to meet its burden of showing that the Forest Service acted arbitrarily and capriciously when it issued its 2015 annual operating instructions (AOIs) for grazing in the Salmon-Challis National Forest. WWP also appeals the district court's decision to supplement the administrative record with three declarations from Forest Service employees. We have jurisdiction over this appeal under 28 U.S.C. § 1291.

We reject WWP's argument that the 2015 AOIs violate Grazing Standard GM-1 of the Inland Native Fish Strategy (INFISH), which is incorporated into the Salmon-Challis National Forest Plan. Applying our deferential review of an agency's "determination in an area involving a high level of technical expertise," *Lands Council v. McNair*, 537 F.3d 981, 992–94 (9th Cir. 2008) (en banc) (internal quotation marks omitted), we defer to the Forest Service's exercise of its professional judgment in adopting methodologies for ensuring compliance with GM-1, including its implementation of the Strategy for Managing Livestock Grazing Within Stream Riparian Communities on the Salmon-Challis National Forest and its non-adoption of certain nonbinding recommendations in the PACFISH/INFISH Biological Opinion Enclosure B. The record provides ample

evidence that the Forest Service monitored relevant benchmarks to evaluate compliance with GM-1, including through inspections and end-of-season reports, and reasonably concluded that the conditions were satisfactory or were impaired by conditions other than authorized grazing practices before issuing the 2015 AOIs. Accordingly, we defer to the Forest Service's reasonable conclusion that the 2015 AOIs did not retard the attainment of the Riparian Management Objectives. The Forest Service was not required to explain its reasoning in the AOIs themselves, because even a "skeletal order[]" issued by an agency is sufficient to explain the agency's decision where, as here, the context allows the court to reasonably discern the agency's path. *Alaska Dep't of Envtl. Conservation v. E.P.A.*, 540 U.S. 461, 497 (2004).

We also reject WWP's argument that the 2015 AOIs violated Sediment Standard 5(f) of the Salmon-Challis National Forest Plan. Deferring to the Forest Service's technical expertise and to its decisions regarding the appropriate methodology for monitoring its compliance with forest plan requirements, *see Lands Council v. McNair*, 537 F.3d at 992–94, we hold that the Forest Service reasonably decided to measure levels of excess sediment over time and on a forest-wide basis, and therefore could reasonably conclude that reevaluation of grazing activities was not required based on then-current fine sediment levels.

Finally, the district court did not abuse its discretion by supplementing the administrative record with three declarations from Forest Service employees. A district court is permitted to admit extra-record evidence "when supplementing the record is necessary to explain technical terms or complex subject matter," *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005) (internal quotation marks omitted), and here the district court reasonably concluded that the three affidavits merely condensed and explained existing material in the record and were "helpful and necessary to explain a complex scientific subject."

**AFFIRMED.**